[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10143
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cr-60043-FAM-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVENS JULIEN,
a.k.a. Chulo,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 6, 2018)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Evens Julien appeals his 48-month sentence and restitution repayment plan after pleading guilty to conspiring to defraud the Internal Revenue Service by filing fraudulent tax returns in violation of 18 U.S.C. § 371 and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).  Julien raises two issues on appeal. First, he argues that his 48-month prison sentence is substantively unreasonable because the district court erred in failing to consider and weigh the relevant 18 U.S.C. § 3553(a) factors.  Julien also argues that the district court erred in calculating his restitution repayment plan because it did not adequately consider the factors listed under 18 U.S.C. § 3664(f)(2).

## I.

We review the substantive reasonableness of a sentence for abuse of discretion.  *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir. 2010).  When evaluating the substantive reasonableness of a sentence, we inquire whether the district court adequately considered the § 3553(a) factors.  *Id.* at 1189.  A district court can abuse its discretion by (1) failing to give relevant factors consideration that were due significant weight, (2) giving significant weight to irrelevant factors, or (3) failing to consider the proper factors.  *Id.*

The relevant portions of § 3553(a) require that a court impose a sufficient sentence after considering the following factors: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant;" "(2) the need

2

for the sentence imposed to reflect the seriousness of the offense . . . [and] provide just punishment for the offense;" and "(6) the need to avoid unwarranted sentence disparities among defendants." 18 U.S.C. § 3553(a)(1)–(2), (6).

Here, Julien's 48-month sentence is substantively reasonable because the district court considered and gave proper weight to the relevant 18 U.S.C. § 3553(a) factors. The district court considered the nature and circumstances of the offense, the seriousness of the offense, and provided just punishment because it recognized that Julien was responsible for over 1500 fraudulent tax returns. 18 U.S.C. § 3553(a)(1) & (2)(A). As for the history and characteristics of the defendant, the court knew Julien had no prior convictions and family and community support, but reasoned that this crime was an intellectual crime generally committed by more mature individuals. 18 U.S.C. § 3553(a)(l). Furthermore, there are no unwarranted sentence disparities because his co-defendant cooperated significantly with the government to obtain a significantly decreased sentence and Julien did not. 18 U.S.C. § 3553(a)(6). In addition, the district court granted a downward variance of six months because of the remoteness of the crime and stated specifically that it had considered all relevant § 3553(a) factors. Accordingly, we conclude that Julien's imprisonment sentence is substantively reasonable under the § 3553(a) factors and affirm.

II.

We review *de novo* the legality of a restitution order but only review the factual findings underlying a restitution order for clear error. *United States v. Brown*, 665 F.3d 1239, 1252 (11th Cir. 2011).

The Mandatory Victim Restitution Act ("MVRA") requires district courts to order full restitution in offenses committed by fraud or deceit without regard to the defendant's economic circumstances. 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii); 18 U.S.C. § 3664(f)(1)(A). Generally, a defendant sentenced to pay restitution must pay it all immediately. 18 U.S.C. § 3752(d)(1). However, the court may determine that in the interest of justice a defendant may make periodic payments on a schedule set by the court. *Id.* If the court decides to establish a payment schedule, it must consider the following factors: (1) financial resources and assets of defendant; (2) projected earnings and income of defendant; and (3) financial obligations of defendant including any dependents. 18 U.S.C. § 3664(f)(2). The court may establish a restitution repayment plan that requires nominal periodic payments if the financial circumstances of the defendant do not allow the payment of any amount of a restitution order and do not allow a full restitution repayment within the foreseeable future under any reasonable payment schedule. 18 U.S.C. § 3664(f)(3)(B). After a material change in the defendant's ability to pay restitution, the defendant must inform the court. 18 U.S.C. § 3664(k). The court

4

may then adjust the payment schedule if needed. *See id.* The district court does not have to make factual findings regarding a defendant's financial status, but may rely on the unchallenged assertions in the PSI. *United States v. Jones*, 289 F.3d 1260, 1266 (11th Cir. 2002).

Here, the district court did not err in establishing a repayment plan for Julien because the MVRA requires the court to establish a repayment plan. 18 U.S.C. § 3663A(a)(1). Although the record does not show that the court took account of the required factors under 18 U.S.C. § 3664(0(2), the plan established meets these factors nonetheless when relying on the facts presented in the record. *See Jones*, 289 F.3d at 1266; 18 U.S.C. § 3664(f)(2). Even though Julien only has a net worth of $1, the plan takes account of possible future earnings by requiring Julien to pay 50% of his wages if he obtains a Federal Prison Industries Job and $25 a quarter if he does not. Once out of prison, Julien must pay 10% of his monthly gross earnings as part of the plan but the court can alter this amount if justice requires, which would include if he has trouble meeting his financial obligations for his dependents. *See* 18 U.S.C. § 3664(f)(2)(C). Julien's financial interests are also protected because he and multiple government agencies will monitor Julien's ability to pay these amounts and report to the court if there are any material changes. Compared to the total required restitution amount of $1,169,000, the payment amounts in the repayment schedule appear fairly nominal. Therefore, the

5

district court did not err in establishing Julien's restitution repayment plan, and we affirm.

**AFFIRMED.**